United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10642
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL GARCIA, also known as D

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-75-4

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Daniel Garcia appeals his guilty-plea conviction and sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. He contends that his guilty plea was not knowing and voluntary because the district court failed to correctly inform him of the applicable minimum and maximum penalties. Where, as here,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a defendant does not object to Fed. R. Crim. P. 11 errors in the district court, this court reviews for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002).

Although the initial rearraignment transcript filed with this court shows that Garcia was incorrectly advised of a maximum possible penalty of four years of imprisonment, the amended rearraignment transcript shows that Garcia was correctly informed that he was subject to a mandatory minimum penalty of 10 years of imprisonment and a maximum possible penalty of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(ii)(II). Therefore, Garcia has not shown error, plain or otherwise.

Garcia also contends that his Fifth and Sixth Amendment rights were violated when the district court enhanced his sentence beyond the maximum authorized by the facts charged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. Specifically, he argues that the district court erred when it enhanced his sentence pursuant to U.S.S.G. § 2D1.1(d)(1) based on its finding, by a preponderance of the evidence, that he murdered Juan Silva Barrera. Because this issue is raised for the first time on appeal, review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

Garcia was sentenced in June 2006, after the issuance of United States v. Booker, 543 U.S. 220 (2005). Thus, the district court's determination, under an advisory Guidelines scheme, that Garcia murdered Barrera did not violate Garcia's Sixth Amendment right to a jury trial. See Mares, 402 F.3d at 519.

Finally, Garcia contends that the 420-month sentence was unreasonable because it was based on a judge-found fact and the district court failed to consider the 18 U.S.C. § 3553(a) factors. The record reflects that the district court considered Garcia's objections and testimony, the recommendations of the presentence report, the applicable guideline range, and the § 3553(a) factors. Because the district court exercised its discretion to impose a sentence within a properly calculated guideline range, the sentence was presumptively reasonable and this court may infer that the district court considered all the factors for a

fair sentence set forth in the Guidelines.  Rita v. United States, 127 S. Ct. 2456, 2462, 2468 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); Mares, 402 F.3d at 519.  This court has examined the record and concludes that the sentence imposed by the district court was reasonable.

Accordingly, the district court's judgment is AFFIRMED.